**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JACKIE LEE WILIAMS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

COVE DRINKS, INC., a Delaware corporation,

Defendant.

Case No.: 26-cv-03374-H-JLB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

[Doc. No. 4.]

On August 3, 2026, Defendant Cove Drinks, Inc. filed a motion to dismiss Plaintiff Jackie Lee Williams's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 4.) On September 6, 2026, the Court took the matter under submission. (Doc. No. 8.) On September 14, 2026, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 9.) On September 21, 2026, Defendant filed a reply. (Doc. No. 10.) For the reasons below, the Court grants in part and denies in part Defendant's motion to dismiss.

/ / /

/ / /

/ / /

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Defendant Cove Drinks is a manufacturer and seller of probiotic sodas. (See Doc. No. 1, Compl. at 1.) The labeling for Defendant's sodas state that the products contain "No Artificial Sweeteners." (See id. ¶¶ 23, 25–28.)

As an example of such a statement, Plaintiff provides in her complaint the following image depicting the packaging for Defendant's Dr. Cove soda that Plaintiff purchased:




(Id. ¶ 23.)

Plaintiff alleges that Defendant's "No Artificial Sweeteners" representation is false because the soda Plaintiff purchased contains 10 grams of erythritol and uses it as a sweetener. (See id. ¶ 29.) Plaintiff further alleges that the erythritol used in Defendant's products is commercially manufactured through industrial fermentation and multi-step processing, and, therefore, it is a "synthetic sweetener," and no reasonable consumer would understand such an ingredient to be consistent with the representation of "No Artificial Sweeteners." (Id. ¶¶ 30, 36, 37.)

On June 3, 2026, Plaintiff filed a complaint against Defendant, alleging claims for: (1) violations of the California Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq.*; (2) unjust enrichment; (3) breach of express warranty; (4) violations of the unfair prong of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*; (5) violations of the fraudulent prong of California's UCL; (6) violations of the unlawful prong of California's UCL; and (7) violations of the California False Advertising Law ("FAL"), California Business and Professions Code §§ 17500 *et seq.* (Doc. No. 1, Compl. ¶¶ 71–124.) By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Plaintiff's complaint with prejudice for failure to state a claim. (Doc. No. 4-1 at 1, 14.)

## Discussion

### I. Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

/ / /

## II. Analysis

A. Plaintiff's CLRA, UCL, and FAL Claims

In the complaint, Plaintiff alleges against Defendant claims for violations of California's CLRA, UCL, and FAL. (Doc. No. 1, Compl. ¶¶ 71–79, 94–124.) Defendant argues that these claims should be dismissed because Plaintiff fails to plausibly allege that the "No Artificial Sweeteners" representation on Defendant's product misleads reasonable consumers.

Claims under the CLRA, UCL, and FAL are governed by the "reasonable consumer" standard. McGinity v. Procter & Gamble Co., 69 F.4th 1093, 1097 (9th Cir. 2023) (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)). Under that standard, a plaintiff "must 'show that members of the public are likely to be deceived.'" Becerra v. Dr Pepper/Seven Up, Inc., 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting Williams, 552 F.3d at 938).

The reasonable consumer standard requires "more than a mere possibility that [the defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003)). Rather, a plaintiff must plausibly allege "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" Id. (quoting Lavie, 105 Cal. App. 4th at 508); see also McGinity, 69 F.4th at 1097 ("The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers."). Put another way, "'[a] representation does not become "false and deceptive" merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed.'" Lavie, 105 Cal. App. 4th at 507 (citation omitted). "Indeed, a plaintiff's unreasonable assumptions about a product's label will not suffice." Moore v. Trader Joe's Co., 4 F.4th 874, 882 (9th Cir. 2021); see also La Barbera v. Ole Mexican Foods Inc., No.

EDCV202324JGBSPX, 2023 WL 4162348, at *11 (C.D. Cal. May 18, 2023) ("The bottom line is this: under Moore, the reasonable consumer does not approach purchasing decisions with a professorial genius or inclination toward exhaustive research, but she is also not a chump, too doltish or careless to engage [a] simple analysis." (citation omitted)).

Plaintiff's CLRA, UCL, and FAL claims are based on her contention that the "No Artificial Sweeteners" representation on Defendant's sodas is false because the product contain erythritol, which is a synthetic sweetener. (See Doc. No. 1, Compl. ¶¶ 29–38.) Defendant argues that Plaintiff's statutory claims should be dismissed because Plaintiff "fails to plausibly allege (1) that the Products contain 'artificial' erythritol, or (2) that reasonable consumers would even consider a sugar alcohol such as erythritol an 'artificial sweetener.'" (Doc. No. 4-1 at 6.) Defendant is wrong, and the complaint contains these precise allegations. In the complaint, Plaintiff alleges that the soda she purchased contains 10 grams of erythritol and uses it as a sweetener. (See id. ¶ 29.) Plaintiff further alleges that the erythritol used in Defendant's products is commercially manufactured through industrial fermentation and multi-step processing, and, therefore, it is a "synthetic sweetener," and no reasonable consumer would understand such an ingredient to be consistent with the representation of "No Artificial Sweeteners." (Id. ¶¶ 30, 36, 37.) These allegations are sufficient to plausibly allege that a reasonable consumer would likely be deceived by the "No Artificial Sweeteners" labeling on Defendant's soda.[1] See Iglesias v.

---

[1] Defendant notes that "'conclusory allegations that [an ingredient] is artificial are insufficient to state a claim.'" (Doc. No. 4-1 at 6 (quoting Robie v. Trader Joe's Co., No. 20-CV-07355-JSW, 2021 WL 2548960, at *5 (N.D. Cal. June 14, 2021))). Although this is true, it is of no consequence here. Rather, than containing mere conclusory allegations, Plaintiff's complaint contains detailed allegations explaining why commercial manufactured erythritol would be considered a synthetic sweetener and that commercial manufactured erythritol is the type of erythritol in Defendant's soda. (See Doc. No. 1, Compl. ¶¶ 29–38.) See Carbine v. Target Corp., No. CV 24-03721-MWF (AJRX), 2025 WL 501829, at *4 (C.D. Cal. Feb. 13, 2025) ("And neither are the allegations here conclusory in the fashion barred by Twombly and Iqbal. Plaintiff does not merely say that the labels are misleading because the products contain artificial preservatives—Plaintiff

Arizona Beverages USA, LLC, No. 22-CV-09108-JSW, 2023 WL 4053803, at *3 (N.D. Cal. June 16, 2023) ("Plaintiff's allegations are sufficient to establish that a reasonable consumer could plausibly conclude that a beverage labeled as "All Natural" should not include . . . erythritol . . . ."); Ringler v. J.M. Smucker Co., 783 F. Supp. 3d 1229, 1238–41 (C.D. Cal. 2025) (finding allegations sufficient to establish that a reasonable consumer could plausibly conclude that a product labeled as "all natural" should not contain artificial citric acid); Carbine, 2025 WL 501829, at *4.

Defendant asserts that the FDA and the National Cancer Institute do not consider erythritol to be an artificial sweetener, and Defendant requests that the Court take judicial notice of certain documents from those two entities. (Doc. No. 4-1 at 8–9; Doc. No. 10 at 6; see Doc. No. 4-7.) Defendant's request for judicial notice is improper. Although a court can take judicial notice of matters of public record at the motion to dismiss stage, "a court cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). As such, the Court cannot take judicial notice of the disputed fact of whether erythritol is an artificial sweetener as requested by Defendant. Whether erythritol actually is an artificial sweetener is a question of fact that the Court cannot decide at the motion to dismiss stage. See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc., 911 F.2d 242, 245 (9th Cir. 1990) ("It is well-established that questions of fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon which relief can be granted."); see also Fried v. Snapple Beverage Corp., 753 F. Supp. 3d 1145, 1153 (S.D. Cal. 2024) ("'[Q]uestions regarding how consumers interpret terms or phrases on product labels are factual inquiries best suited for resolution at a later stage of the litigation and not on a motion to dismiss.'"). Rather, at the motion to dismiss stage, the Court must "'accept the factual allegations of

---

goes several steps further in alleging the specific preservative that is artificial, the chemical process that renders it artificial, its use in Defendant's products, and its prevalence in the food industry more broadly.").

the complaint as true and construe them in the light most favorable to the plaintiff.'" Los Angeles Lakers, 869 F.3d at 800; see Iqbal, 556 U.S. at 663. In the complaint, Plaintiff alleges that the erythritol used in Defendant's products is a "synthetic sweetener," and no reasonable consumer would understand such an ingredient to be consistent with the representation of "No Artificial Sweeteners." (Doc. No. 1, Compl. ¶¶ 30, 36, 37.) At the motion to dismiss stage, the Court must accept these factual allegations as true.[2]

In sum, Plaintiff has adequately alleged claims for violations of California's CLRA, UCL, and FAL against Defendant. As such, the Court declines to dismiss those claims.[3]

B. Plaintiff's Claims for Unjust Enrichment and Breach of Express Warranty

In the complaint, Plaintiff alleges against Defendant claims for unjust enrichment and breach of express warranty. (Doc. No. 1, Compl. ¶¶ 80–93.) Defendant argues that Plaintiff's claims for unjust enrichment and breach of express warranty should be dismissed because these claims fail for the same reasons as Plaintiff's CLRA, UCL, and FAL claims. (Doc. No. 4-1 at 10; Doc. No. 10 at 8.) Plaintiff has adequately stated claims for violations of the CLRA, UCL, and FAL against Defendant, and the Court has declined to dismiss those claims. As such, the Court rejects this basis for dismissal of Plaintiff's

---

[2] On reply, Defendant contends that "the mere fact that commercial erythritol is commercially produced using yeast and corn starch does not establish that the resulting compound is artificial." (Doc. No. 10 at 3.) Again, whether erythritol actually is an artificial sweetener is a question of fact that the Court cannot decide at the motion to dismiss stage. At the motion to dismiss stage, the Court must accept as true Plaintiff's factual allegations that the erythritol used in Defendant's products is a synthetic sweetener.

[3] In its motion, Defendant contends that Plaintiff fails to plead with particularity any claim based on the advertisements identified in paragraphs 26 through 28 of the complaint. (Doc. No. 4-1 at 9–10.) In her opposition, Plaintiff clarifies that her CLRA, UCL, and FAL claims are based on the label on the soda she purchased alone, and no claim depends on those online advertisements. (Doc. No. 9 at 18–19; see Doc. No. 1, Compl. ¶¶ 40–41.) With that clarification, there is nothing to dismiss. As explained above, Plaintiff properly states claims for violations of the CLRA, UCL, and FAL against Defendant.

claims for unjust enrichment and breach of express warranty, and the Court declines to dismiss those claims.

C. Standing to Bring Claims for Injunctive Relief

In the complaint, Plaintiff seeks injunctive relief as a form of relief under her UCL, FAL, and CLRA claims. (Doc. No. 1, Compl. ¶¶ 77–79, 101, 109, 117, 124.) Defendant argues that Plaintiff's claims for injunctive relief should be dismissed because Plaintiff has failed to adequately allege that she has Article III standing to pursue injunctive relief. (Doc. No. 4-1 at 3–5.)

"A plaintiff must demonstrate constitutional standing separately for each form of relief requested." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018) (citing Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 185 (2000)). Prospective injunctive relief requires a plaintiff to show a threat of future injury that is "actual and imminent, not conjectural or hypothetical." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). The Supreme Court has "repeatedly reiterated that 'threatened injury must be certainly impending to constitute injury in fact,' and that '[a]llegations of possible future injury' are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013).

"[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." Davidson, 889 F.3d at 969 (quoting Summers, 555 U.S. at 493). This is because "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." Id. at 1115. To establish standing, the previously deceived consumer must sufficiently allege "an imminent or actual threat of future harm caused by [the] allegedly false advertising," such as a desire to purchase the product again in the future. Id. at 970.

In the complaint, Plaintiff does not sufficiently allege that she seeks or intends to purchase Defendant's product again risking an imminent or actual injury. In the complaint, Plaintiff alleges: "Plaintiff would purchase the Products again if the labeling were corrected or if Defendant ceased using misleading representations, but presently cannot rely on Defendant's labeling." (Doc. No. 1, Compl. ¶ 67.) This allegation is insufficient to allege an imminent or actual threat of future harm. If the labeling is correct, and Defendant ceases to use the representations at issue, then there is no imminent or actual alleged injury that would occur if Plaintiff purchased the product in the future. As such, Plaintiff's allegations are insufficient to demonstrate Article III standing for injunctive relief.

Plaintiff cites to the Ninth Circuit's decision in Davidson and argues that it supports her contention that she has standing to bring claims for injunctive relief. (Doc. No. 9 at 19–21.) Davidson is distinguishable. Unlike in Davidson, in which the plaintiff faced a future injury because she still could not rely on the defendant's claims about its products' "flushability" without first purchasing and using the flushable wipes again, 889 F.3d at 971–72, Plaintiff in this case admits that she now has the knowledge that enables her to make an appropriate choice with respect to Defendant's soda – that the soda contains erythritol, as stated on the product's labeling, and that the erythritol used is a synthetic sweetener.[4] (See Doc. No. 1, Compl. ¶¶ 29–38.) "Since Davidson, courts in this Circuit

---

[4] Plaintiff argues that there is a risk of future injury because the product's labeling just states that it contains erythritol and does not specifically disclose that it is manufactured erythritol. (Doc. No. 9 at 20.) The Court does not find this argument persuasive. In her complaint, and in her briefing, Plaintiff represents that "no commercial manufacturer uses the natural form of erythritol in processed foods." (Doc. No. 9 at 1; see also Doc. No. 1, Compl. ¶ 32 ("Because of the extraordinarily high cost of natural erythritol extracted from fruits, the erythritol used in mass-produced foods such as the Products—often at high levels, much higher than found naturally in fruits—is manufactured rather than extracted from naturally occurring sources."), ¶ 31 ("[I]t is not economically feasible to use erythritol extracted from fruits in commercial food products."); Doc. No 9 at 4, 7.) As such, according to Plaintiff's own representations, the label need not specifically disclose that it is manufactured erythritol in order for Plaintiff to know that the product contains manufactured erythritol. (See also Doc. No. 10 at 7–8.)

have held that plaintiffs lack Article III standing to seek injunctive relief for claims under California law involving deceptive product labels where, unlike the plaintiff in Davidson, the plaintiffs could verify the products' descriptions merely by looking at the labels and thus could not show a likelihood of being deceived in the future." Lozano v. Walmart, Inc., No. CV 23-4500-SPG-MAR, 2024 WL 412606, at *4 (C.D. Cal. Feb. 1, 2024) (collecting cases); see, e.g., Ringler, 783 F. Supp. 3d at 1247 ("[T]he Court agrees with the reasoning in Squeo, Rahman, and Jackson, and finds that Plaintiff can easily determine whether the Products contain citric acid by simply looking at the ingredients label."); Rodriguez v. Natures Path Foods, Inc., No. 2:25-CV-01735-SPG-E, 2025 WL 3691807, at *4 (C.D. Cal. Sept. 23, 2025) ("Plaintiffs now know the amount of added sugar in the Products. Therefore, they will 'not be misled next time.'" (quoting Fernandez v. Atkins Nutritionals, Inc., No. 3:17-CV-01628-GPC-WVG, 2018 WL 280028, at *15 (S.D. Cal. Jan. 3, 2018)).

In sum, Plaintiff lacks standing to pursue her claims for injunctive relief under the UCL, CLRA, and FAL and those claims for relief are dismissed. See, e.g., Stewart, 537 F. Supp. 3d at 1128; Rodriguez, 2025 WL 3691807, at *4; Nacarino v. KSF Acquisition Corp., 642 F. Supp. 3d 1074, 1080 (N.D. Cal. 2022). Further, because this is not an issue that can be cured by amendment of the pleadings to include additional factual allegations, the Court's dismissal of the claims for injunctive relief is without leave to amend.

D. Plaintiff's Equitable Claims

In the complaint, Plaintiff seeks equitable relief as part of her UCL and unjust enrichment claims. (Doc. No. 1, Compl. ¶ 87, Prayer for Relief.) Defendant argues that Plaintiff's equitable restitution claims should be dismissed because she has failed to adequately plead inadequate remedies at law. (Doc. No. 4-1 at 11–14.) Defendant contends that Plaintiff's equitable claims must be dismissed because Plaintiff's legal claims (her CLRA claim and her breach of express warranty claim) seek damages for the exact same conduct, meaning that equitable relief is precluded. (Id. at 11.) To support this argument, Defendant relies on the Ninth Circuit's decision in Sonner v. Premier Nutrition

Corp., 971 F.3d 834 (9th Cir. 2020). (Doc. No. 4-1 at 11–13; Doc. No. 8 at 8–10.) In response, Plaintiff contends that Defendant's argument should be rejected because it is based on a misreading of Sonner, and Sonner does not require a Plaintiff to demonstrate anything at the pleading stage. (Doc. No. 9 at 22–23.)

"[E]quitable relief is not appropriate where an adequate remedy exists at law." Schroeder v. United States, 569 F.3d 956, 963 (9th Cir. 2009). A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." Sonner, 971 F.3d at 844.

Defendant's reliance on Sonner is unpersuasive. In Sonner, on the eve of trial, the plaintiff voluntarily dismissed her CLRA claim for damages in order to avoid the jury and seek the same amount as restitution at a bench trial. Id. at 837–38. The resulting amended complaint, seeking only equitable relief, was dismissed because the plaintiff could not show that damages were unavailable to her. Id. at 838, 844.

This case is at the pleading stage (not the eve of trial) and at the pleading stage, a plaintiff can plead conflicting theories in the alternative under Fed. R. Civ. P. 8(a)(3). See Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762-63 (9th Cir. 2015). Indeed, many district courts in the Ninth Circuit have held that Sonner does not prohibit plaintiffs from pleading claims for equitable relief in the alternative at the pleading stage. See, e.g., Sullivan v. Built Brands LLC, No. 24-CV-04565-JST, 2026 WL 2475783, at *2 (N.D. Cal. Aug. 24, 2026) ("[T]his Court, along with the majority of courts in this district, understands Sonner to require far less at the pleading stage.") (collecting cases); Murphy v. Olly Pub. Benefit Corp., 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023) ("A number of district court cases since Sonner have concluded that it has minimal application at the pleading stage."); Wysocki v. Chobani, LLC, 828 F. Supp. 3d 1061, 1082 (S.D. Cal. 2026) ("Due to the challenge courts face when attempting to determine the adequacy of legal remedies at the outset of litigation, courts may permit unjust enrichment claims to survive at the pleading stage.").

Defendant also argues that Plaintiff's allegations are insufficient to demonstrate that her legal remedies are inadequate. (Doc. No. 4-1 at 12–14.) In the complaint, Plaintiff alleges: "To obtain a full refund as damages, Plaintiff must show that the Products she received have essentially no market value. In contrast, Plaintiff can seek restitution without making this showing." (Doc. No. 1, Compl. ¶ 48.) Plaintiff also alleges: "winning damages under the Consumers Legal Remedies Act requires additional showings not required under equitable causes of action," such as Plaintiff's UCL claims. (Id. ¶ 49.) These allegations are sufficient to adequately allege that legal remedies are inadequate. See, e.g., Chebul v. Tuft & Needle, LLC, No. 2:24-CV-02707-JLS-MAR, 2024 WL 5257021, at *3 (C.D. Cal. Oct. 9, 2024) (finding similar allegations sufficient); Murphy, 651 F. Supp. 3d at 1129 (same); Salvestrini v. Gen. Motors, LLC, No. 3:23-CV-1556-W-DDL, 2024 WL 3626695, at *6 (S.D. Cal. Aug. 1, 2024). As such, the Court declines to dismiss Plaintiff's claims for equitable restitution.

## Conclusion

For the reasons above, the Court grants in part and denies in part Defendant's motion to dismiss. The Court dismisses Plaintiff's claim for injunctive relief without leave to amend. The Court declines to dismiss the remainder of the complaint. Defendant must file an answer to the complaint **within thirty (30) days from the date this order is filed**.

**IT IS SO ORDERED.**

DATED: September 28, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT